

# FIXED RATE NOTE

**THIS LOAN HAS A PREPAYMENT PENALTY PROVISION.**

| August 22, 2003 | Rolling Meadows | IL |
|---|---|---|
| [Date] | [City] | [State] |

115 A&B VICTORY STREET, CUMBERLAND, RI 02864
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 178,500.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Dream House Mortgage Corp.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 5.700%.

The interest rate required by this Section 2 is the rate I will pay before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS
**(A) Time and Place of Payments**
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on October 1, 2003.

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on September 1, 2033, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at: 385 S Main St, Providence, RI 02903

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**
My monthly payments will be in the amount of U.S. $1,036.02.

### 4. BORROWER'S RIGHT TO PREPAY
I may repay this Note at any time as provided for in this paragraph. I may make a partial prepayment at any time without penalty. If within the first 1 year from the execution of the Security Instrument I make a full prepayment, I will at the same time, pay to the Note Holder a prepayment charge. The prepayment charge will be equal to two percent (2%) of the balance due at the time of prepayment.

### 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charged shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED
**(A) Late Charges for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed me.

Initials: _VL_

**(D) No Waiver by Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

## 7. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to Pay all of the amounts owed under this Note.

## 9. WAIVERS
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if prohibited by federal law as of the date of this Security Instrument.

If the Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____(Seal)        _____(Seal)
Borrower:  THOMAS LAMOUREUX                    Borrower:
SSN: ████                                       SSN:

*Pay to the order of*
_____(Seal)        _____(Seal)
Borrower:                                      Borrower:
SSN: *Without Recourse*                        SSN:

BY: _____
John C. Ponte, President
Dream House Mortgage Corporation

2 of 2                                          08/22/2003 10:50:39 AM

200-2RI (Rev. 10/00)

# ENDORSEMENT OF NOTE
# (WITHOUT RECOURSE)

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, the undersigned hereby endorses to: Argent Mortgage Company, LLC.

All of his/her rights, title and interest in and to the attached Note dated **08/22/03** in the face amount of **$178,500.00**

The borrower(s) in said note are:

**Thomas Lamoureux**

Said Note is secured by a mortgage, deed of trust or security deed of the same date on real property located at:

**115 A&B Victory Street; Cumberland, RI  02864**

(Endorser/Beneficiary/Mortgage) transfers all rights accrued or to accrue under said Note and securing the mortgage, deed of trust or security deed in which the undersigned Endorser is the Beneficiary/Mortgagee, and Borrowers are trustors/Mortgagers.

ENDORSER: Dream House Mortgage Corp.

Endorsement Date: August 27, 2003

By: _____
John C. Ponte

Title: President

Attestation
(If Required)

I, **Marcia Smith**, the Secretary of Dream House Mortgage Corporation, hereby certify that John C. Ponte is duly elected President of Dream House Mortgage, and has the requisite corporate authority to execute this document and that the signature appearing above is his genuine signature.

Date:   August 27, 2003         By: _____



## NOTE ENDORSEMENT

Loan # ███████████

Borrower Name  THOMAS LAMOUREUX

Loan amount  $178,500.00

PAY TO THE ORDER OF
AMERIQUEST MORTGAGE COMPANY
WITHOUT RECOURSE
ARGENT MORTGAGE COMPANY

BY: _____
WAYNE LEE, PRESIDENT

BY: _____
JOHN P. GRAZER E.V.P./C.F.O.

PAY TO THE ORDER OF
WITHOUT RECOURSE
AMERIQUEST MORTGAGE COMPANY

BY: _____
KIRK LANGS, PRESIDENT

BY: _____
JOHN P. GRAZER E.V.P./C.F.O.